**Sebooh BAGHOOMIAN,**
**Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner of**
**Social Security Administration,**
**Defendant–Appellee.**

No. 07–56596.

United States Court of Appeals,
Ninth Circuit.

Submitted March 6, 2009.*

Filed March 13, 2009.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Bertram L. Potter, Esquire, Eliot R. Samulon, Esquire, Potter, Cohen & Samulon, Pasadena, CA, for Plaintiff–Appellant.

Dennis Joseph Hanna, Special Assistant U.S., Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: O'SCANNLAIN, RYMER, and WARDLAW, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM **

Sebooh Baghoomian ("Baghoomian") appeals the district court's affirmance of an administrative law judge's ("ALJ") denial of his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court correctly determined that the ALJ did not err in concluding that Baghoomian was not credible and discounting his subjective symptom testimony. Three separate Minnesota Multiphasic Personality Inventories ("MMPIs") produced by Baghoomian indicated that he was exaggerating his symptoms. This evidence of malingering relieved the ALJ from the burden of providing specific, clear, and convincing reasons to discount Baghoomian's testimony. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir.1996). Nonetheless, the ALJ met this standard in articulating his reasons for rejecting Baghoomian's testimony regarding the severity of his physical and mental ailments. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir.1997). Indeed, as both the district court and the ALJ found, the record is riddled with inconsistencies regarding Baghoomian's health, prior applications for disability benefits, education, criminal history, and even the precise circumstances of the brutal attack that led to Baghoomian's debilitating problems. Viewed collectively and in conjunction with the MMPIs, these inconsistencies constitute specific, clear, and convincing reasons to discount Baghoomian's symptom testimony. *See id.*

2. The district court correctly concluded that the ALJ did not err in crediting other medical reports over the reports of Baghoomian's treating physicians. The treating physicians' unexplained acceptance of Baghoomian's descriptions of his symptoms, despite acknowledging the MMPI scores that suggested he was malingering, is a specific and legitimate reason to favor other reports in the record. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir.2008). The absence of other testing or objective evidence to confirm the treating physicians' diagnoses is another specific and legitimate reason to reject their reports. "The ALJ is responsible for resolving conflicts in the medical record." *Id.* The ALJ did not err in performing that responsibility here.

3. We further agree with the district court that the ALJ was not required to take independent steps to further develop the record under the circumstances here. An ALJ's duty to develop the record is triggered by "[a]mbiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.2001). Here, the record was neither ambiguous nor "inadequate to allow for proper evaluation of the evidence." *Id.* Rather, viewed as a whole, the record indicated that Baghoomian simply was not as debilitated as some parts of the record might suggest because he was exaggerating his symptoms.

4. The district court did not abuse its discretion in concluding that Baghoomian repeatedly failed to demonstrate good cause to remand his application to the ALJ

for the consideration of new evidence. "A claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied." *Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir.2001). In his motions to remand, Baghoomian did not provide sufficient justification for his failure to gather this evidence earlier. That the evidence is new does not demonstrate "good cause for not having sought the expert's opinion earlier." *Id.* Accordingly, the district court did not abuse its discretion in denying these motions to remand.

**AFFIRMED.**